IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| BONN GILLIAM, | ) | |
| | ) | Civil Action No.: 0:17-cv-00118-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RESOLUTE FP US INC., AND | ) | **ORDER AND OPINION** |
| RESOLUTE FOREST PRODUCTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

On January 13, 2017, Plaintiff Bonn Gilliam ("Plaintiff") brought this action against his employers, Resolute FP US Inc. and Resolute Forest Products, Inc. ("Resolute") (together "Defendants"), alleging racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended (First Cause of Action); retaliation (Second Cause of Action); and negligent supervision (Third Cause of Action). On February 9, 2017, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff's claims are barred by res judicata. On February 23, 2017, Plaintiff filed a response in opposition to the motion to dismiss, to which Defendants filed a reply on March 1, 2017.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On April 19, 2017, the Magistrate Judge filed a Report and Recommendation in which she recommended that Defendants' motion to dismiss be granted. Plaintiff filed objections to the Report on May 2, 2017, to which Defendants filed a reply on May 10, 2017.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an African-American employee of Resolute, a subsidiary of Resolute FP US

Inc. Plaintiff began his employment in the shipping department on or about September 12, 1977. Approximately two years later, Plaintiff was transferred to the maintenance department, where he has worked for approximately thirty-seven years. Plaintiff currently is employed as a maintenance master craftsman.

In early 2013, Plaintiff was promoted to a team leader position based on his seniority and his record of good performance within the company. On or about January 3, 2014, Plaintiff was required to work beyond his normal shift to oversee maintenance operations on the third shift. Plaintiff was charged with making repairs to the facility's wood piping system. According to Plaintiff, he and his work crew performed the job well, but, unbeknownst to Plaintiff, the weather created continuing problems with the pulp transportation system that were beyond Plaintiff's knowledge and control. On or about January 4, 2014, Plaintiff was called into a meeting with several supervisory and upper level members of management and was subjected to "harassing and accusatory questions regarding his job performance on January 3, 2014." ECF No. 1, ¶ 13. During this meeting, Plaintiff maintained that he had properly performed his job, and any system failures regarding the wood piping system were weather related and not related to his job performance. However, on or about January 13, 2014, Plaintiff was demoted from his team leader position on the grounds that he failed to perform his job.

Plaintiff alleges that his demotion was unwarranted and that the accusations regarding his job performance were untrue. He further contends that Defendants' superintendent had a pattern and practice of allowing Caucasian employees to complete training opportunities and Performance Improvement Plans before demoting them from team leader positions. On May 5, 2014, Plaintiff filed a grievance through Defendants' human resources department and company

union in compliance with the terms of the parties' Collective Bargaining Agreement ("CBA") and Plaintiff's contractual relationship with Defendants. Plaintiff alleges that Defendants placed his grievance into an indefinite abeyance, and thus deprived Plaintiff of the opportunity to obtain relief under the terms of the CBA. On June 23, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on the events leading up to and allegedly causing his demotion.

Plaintiff further alleges that in December 2015, he requested to change his schedule from rotating shift to day shift. Plaintiff contends that Defendants failed to follow the customary practice of implementing schedule changes on January 1; instead, Plaintiff's request was not effective until the week of January 11, 2016. Plaintiff further alleges that Defendants' customary placement practice allowed an employee to utilize seniority status to be placed in the machine shop versus the wood yard; however, Plaintiff was placed in the wood yard. Plaintiff asserts that the machine shop was staffed with four Caucasians who exercised their seniority to be placed in the machine shop, and that he has seniority over three of the four Caucasians. Plaintiff alleges that Defendants' acts were racially motivated and were also a retaliation for having filed a charge with the EEOC.

On March 14, 2016, Plaintiff filed a lawsuit against Resolute in the Court of Common Pleas for York County, South Carolina. Based on nearly identical allegations, Plaintiff contended that Resolute had

> obstructed and inhibited Plaintiff's ability to participate in the Grievance process. Specifically, [Resolute] again breached Plaintiff's employment contract by placing Plaintiff's Grievance into an indefinite abeyance outside of the terms of the parties' Collective Bargaining Agreement. By doing such, [Resolute] has deprived Plaintiff of the opportunity to get relief pursuant to the terms of the

3

parties' Collective Bargaining Agreement.

*See Gilliam v. Resolute Forest Prods.*, C/A No. 0:16-1384-JMC ("*Gilliam I*"), ECF No. 1-1, ¶ 17.

In *Gilliam I*, Plaintiff asserted causes of action for breach of contract and breach of contract with fraudulent intent. In the meantime, Plaintiff filed a second charge of race discrimination with the EEOC on April 18, 2016. On May 2, 2016, Resolute removed *Gilliam I* to federal court on the grounds of both diversity jurisdiction (Plaintiff is a citizen of South Carolina, Resolute is a business incorporated in Delaware and having its principal place of business in Montreal, Canada) and federal question jurisdiction (breach of a CBA may be brought in a district court pursuant to the Labor Management Relations Act, 28 U.S.C. § 185(a)).

Plaintiff received a Notice of Right to Sue from the EEOC on October 26, 2016. Plaintiff did not amend his complaint in *Gilliam I* to include the allegations asserted in his second charge of discrimination. Instead, on December 14, 2016, the parties filed a joint stipulation of dismissal of *Gilliam I* with prejudice. As noted hereinabove, the within action (hereinafter "*Gilliam II*") was filed in this court on January 13, 2017.

## II. LEGAL STANDARDS

### A. Magistrate Judge Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which

4

only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**B.      Motion to Dismiss**

A Rule12 (b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 455, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.* To determine plausibility, courts are to "draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–that the pleader is entitled to relief." *Id.* (citing Fed. Rule Civ. P. 8(a)(2)).

5

C.  **Res Judicata**

The South Carolina Court of Appeals has explained:

"Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *S.C. Pub. Interest Found. v. Greenville Cty.*, 401 S.C. 377, 385, 737 S.E.2d 502, 506 (Ct. App. 2013) (quoting *Judy v. Judy*, 393 S.C. 160, 172, 712 S.E.2d 408, 414 (2011)). "[T]he fundamental purpose of res judicata . . . is to ensure that 'no one should be twice sued for the same cause of action.'" *Judy*, 393 S.C. at 173, 712 S.E.2d at 414 (quoting *First Nat'l Bank of Greenville v. U.S. Fid. & Guar. Co.*, 207 S.C. 15, 24, 35 S.E.2d 47, 56 (1945)). "The doctrine requires three essential elements: (1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action." *Estridge [v. Joslyn Clark Controls, Inc.*, 325 S.C. 532, 539, 482 S.E.2d 577, 581 (S.C. Ct. App. 2002)] (quoting *Owenby [v. Owens Corning Fiberglas*, 313 S.C., 181, 183, 437 S.E.2d 130, 131 S.C. Ct. App. 1993)]). "Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (quoting *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)).

*Wilson v. Charleston Cty. Sch. Dist.*, 793 S.E.2d 449, 449-50 (S.C. Ct. App. 2017).[1]

### III. DISCUSSION

In her Report and Recommendation, the Magistrate Judge found that paragraphs seven through eighteen of the complaint in *Gilliam II* are identical to paragraphs six through seventeen of the complaint in *Gilliam I*. The Magistrate Judge found identity of the parties because they are in privity under the facts at hand. The Magistrate Judge further determined that there is identity

---

[1]The parties disagreed as to whether state or federal law is applicable to analyzing whether *Gilliam II* is barred by *Gilliam I*. Plaintiff argued that state law applies because *Gilliam I* was removed on the basis of diversity jurisdiction. Defendants assert that federal law applies because *Gilliam I* was removed on the grounds of both diversity and federal question jurisdiction. The Magistrate Judge applied state law, as argued by Plaintiff as the nonmoving party, but observed that the result is the same under federal law.

6

of subject matter, because all of Plaintiffs' claims relate to his demotion and Defendants' conduct thereafter. The Magistrate Judge observed that Plaintiff's claims arise from the same transaction or occurrence in both cases. The Magistrate Judge further noted that, although the within action asserts additional allegations not contained in *Gilliam I*, res judicata bars issues that might have been raised in *Gilliam I* through amendment of Plaintiff's complaint in that case. Finally, the Magistrate Judge noted that Plaintiff's voluntary dismissal with prejudice in *Gilliam I* is considered to be an adjudication on the merits for res judicata purposes. Accordingly, the Magistrate Judge recommended that Defendants' motion to dismiss be granted.

In his objections to the Report and Recommendation, Plaintiff contends that the Magistrate Judge erred in finding identity of subject matter. According to Plaintiff, *Gilliam II* deals with entirely different factual allegations and occurrences that have no relation to *Gilliam I*. Plaintiff points out that *Gilliam II* is based on subsequent instances of race discrimination and retaliation other than those alleged in *Gilliam I*. Nevertheless, Plaintiff was pursuing his second charge of discrimination during the time *Gilliam I* was being litigated, and he received his Notice of Right to Sue letter prior to dismissal of *Gilliam I*. There is no showing that Plaintiff would have been barred from amending his complaint to include his Title VII allegations in conjunction with his contractual claims with respect to his demotion and Defendants' alleged retaliatory conduct. Plaintiff's objection is without merit.

Plaintiff also contends that Defendants are not in privity for res judicata purposes. Plaintiff notes that in *Gilliam I*, the defendant, "Resolute Forest Products," claimed that Resolute FP US Inc. was the appropriate defendant, "as it owns and operates the plant where Plaintiff is employed. . . . Resolute FP US Inc. is a subsidiary of Resolute Forest Products, Inc." C/A No.

7

0:16-1384-JMC, ECF No. 3, 3. Plaintiff contends that Defendants are attempting to "have it both ways." The court discerns no inconsistency in Defendants' positions. Defendants noted that there is no entity denominated "Resolute Forest Products." The proper entities were identified in *Gilliam I*, and both those entities are named Defendants in *Gilliam II*. Plaintiff's objection is without merit.

## IV. CONCLUSION

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion to dismiss (ECF No. 5) is **granted**, and the case dismissed, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 21, 2017